IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

PAUL T. GOTSCHALL,
    Plaintiff,

v.

CONSTELLATION GENERATION
COMPANY LLC, DOMINION
ENERGY, and ENERGY
NORTHWEST,
    Defendants.

Case No. 1:25-cv-01200-JEH-RLH

**Order**

Now before the Court is *pro se* Plaintiff Paul T. Gotschall's Verified Complaint (D. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2), and Motion for ECF Privileges (D. 3).[1] For the reasons set forth below, the Plaintiff's Complaint is DISMISSED without prejudice, his Application to Proceed *in forma pauperis* (IFP) is MOOT, and his Motion for ECF Privileges is MOOT.

**I**

On May 23, 2025, the Plaintiff, proceeding *pro se*, filed his Verified Complaint against Defendants Constellation Generation Company, L.L.C. (Constellation), Dominion Energy, and Energy Northwest.[2] He identifies Defendant Constellation as a subsidiary of Exelon Corporation, and he uses

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] He also includes "JANE DOES", stating he will seek leave to amend the Complaint to include their actual names, and he believes there "might be other individual Defendants or entities who acted together or collectively in the actions alleged and as such have [sic] designated them as JOHN DOES I-X, BLACK CORPORATIONS I-X and WHITE". Pl.'s Compl. (D. 1 at ECF p. 6).

1

"Constellation" at times, "Exelon" and "Exelon Generation" at others, and "Exelon Constellation" in yet another instance when setting forth his allegations. Pl.'s Compl. (D. 1 at ECF pp. 1, 3, 6). In summary, the Plaintiff's allegations are that Constellation harassed its employee, the Plaintiff, ultimately terminated him, blacklisted him, harassed him during short durations of employment, and continues to interfere with his efforts to become re-employed. He alleges Defendant Constellation "now continues a PADS [Personnel Access Data System] entry from August 2024 with every effort to prohibit the petitioner from procuring work in the nuclear industry." *Id.* at ECF p. 2.

Many of his allegations reference "Braidwood NPP" (Braidwood), a nuclear power plant located in Braceville, Illinois.[3] For example, the Plaintiff alleges the PADS entry was made after his termination from Braidwood, there was a security director exit interview at Braidwood, and Braidwood never notified the Plaintiff when the "ADMIN INFO" was placed into the PADS system. His listed counts pertain to actions during and following his employment at the Braidwood plant, including employment termination, "[p]erformance appraisal downgrades", demotion, "[t]ransfer to a position that is recognized to have a lesser status or be less desirable", "[d]enial of overtime or promotion", and hostile work environment. Pl.'s Compl. (D. 1 at ECF p. 5).

## II

28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." None of the Plaintiff's allegations indicate that venue is

---

[3] In a complaint the Plaintiff filed in the U.S. District Court for the Northern District of Illinois in October 2020, the Plaintiff stated the "Braidwood Nuclear Generating Station" is located in Braceville, Illinois. *Gotschall v. Exelon Generation Company, L.L.C.*, No. 1:20-cv-06415 (N.D. Ill.) (D. 1 at ECF p. 4). Braceville, Illinois is in Grundy County, Illinois with a portion in Will County, Illinois.

proper in the U.S. District Court for the Central District of Illinois as no allegations illustrate a connection to this Court. 28 U.S.C. § 1391(b) provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). The only apparent connection to this Court is the Plaintiff himself; he provided his address in Normal, Illinois which is in McLean County within this district. CIVIL LR 40.1(A). The allegations of the Plaintiff's Complaint, however, indicate that a substantial part of the events that gave rise to his claims occurred at the Braidwood nuclear power plant in Grundy/Will Counties, Illinois which are within the Northern District of Illinois. His allegations as to the other named Defendants, Dominion Energy and Energy Northwest, that they participated in the "[b]lacklisting as asserted by Constellation" by formally rescinding offers of employment and security clearance certainly do not illustrate that venue is proper in this Court under Section 1391(b). Pl.'s Compl. (D. 1 at ECF p. 4).

While the Plaintiff is proceeding *pro se*, that is not reason enough here to order the case transferred to the Northern District of Illinois. Just this past April 2025, not one but two cases the Plaintiff filed in this district were transferred to the U.S. District Court for the Northern District of Illinois. *Gotschall v. Marchionda-Palmer*, No. 1:25-cv-01054-MMM (C.D. Ill.) (transferred on 4/2/2025); *Gotschall v. State of Illinois, Illinois Attorney General*, No. 1:25-cv-01116-MMM (C.D. Ill.)

(transferred 4/4/2025). The Text Order in the first filed case explained: 1) the Plaintiff's complaint alleged that a substantial part of the events giving rise to his claim occurred in Braceville, Illinois located in Grundy County; and 2) the case was accordingly being transferred to the Northern District of Illinois. No. 1:25-cv-01054-MMM (4/2/2025 Text Order). The Text Order in the second filed case explained: 1) the Plaintiff's complaint alleged that a substantial part of the events giving rise to his claim occurred in Will County, Illinois; and 2) the case was accordingly being transferred to the Northern District of Illinois. No. 1:25-cv-01116-MMM (4/4/2025 Text Order).

Also, in August 2019, the Plaintiff filed a complaint in the Northern District of Illinois against Exelon Generation Company, L.L.C., among other defendants, regarding the same and similar alleged events occurring while he was a nuclear engineer at "Braidwood Nuclear Generating Station in Braceville, Illinois." *Gotschall v. Exelon Generation Company, LLC*, No. 1:19-cv-05852 (N.D. Ill.).[4] Lastly, in October 2020, the Plaintiff filed a complaint in the Northern District of Illinois with allegations and claims strikingly similar to those included in his Complaint in this case. *Gotschall v. Exelon Generation Company, LLC*, No. 1:20-cv-06415 (N.D. Ill.). The claims in the Plaintiff's 2020 case were dismissed for failure to state a claim upon which relief could be granted, and one claim (slander) was barred by the applicable statute of limitations. 2/1/2021 Order, *id*. at (D. 5). Here, the Plaintiff very closely repeats the timeline of events he set forth in his earlier pleadings in his previously filed cases.

The interests of justice do not warrant a transfer of this case to the Northern District of Illinois. The Text Orders entered in the February 2025 and March 2025 cases filed in the Central District of Illinois put the Plaintiff on notice that the place

---

[4] The case was dismissed without prejudice due to the Plaintiff's failure to file a compliant IFP application. No. 1:19-cv-05852 (10/14/2019 Minute entry).

where a substantial part of the events giving rise to his claims occurred mattered for purposes of deciding where to file a federal lawsuit. Significantly, the Plaintiff's allegations in the first filed case overlap with those here, specifically the identified location of events (Braidwood nuclear power plant). Also, interestingly, the Plaintiff managed to file his first two lawsuits involving allegations regarding his employment at the Braidwood plant in the Northern District of Illinois. One of which alleged "[v]enue is proper in the United States District Court for the Northern District of Illinois because most but not all of the actions that form the basis for the Complaint occurred within the State of Illinois." *Gotschall v. Exelon Generation Company, LLC*, No. 1:20-cv-06415 (D. 1 at ECF p. 3). Finally, he is not *un*aware of the fact that the statute of limitations may bar certain claims given that the court in the Northern District of Illinois explained one of his claims was thus barred. 2/1/2021 Order, *id.* at (D. 5).

### III

For the foregoing reasons, *pro se* Plaintiff Paul T. Gotschall's Verified Complaint (D. 1) is DISMISSED without prejudice, his Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2) is MOOT, and his Motion for ECF Privileges (D. 3) is MOOT. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on June 6, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE